UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YEVETTE WOOTEN,<br><br>    Plaintiff,<br><br>    v.<br><br>LOAVES & FISHES,<br><br>    Defendant. | No. 2:14-cv-2900 JAM DAD PS<br><br><br>ORDER |

Plaintiff Yevette Wooten is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)). See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

1

bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

FED. R. CIV. P. 8(a).

Here, plaintiff's complaint fails to contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of a claim showing that she is entitled to relief, or a demand for judgment for the relief she seeks. In this regard, plaintiff's complaint alleges simply that she was discharged from her job at Loaves & Fishes on July 5,

2

2013, that she filed an EEOC complaint, that the EEOC "found violation[s]" under multiple listed "Government Code Sections" and that "Loaves and Fishes in in violation under the EPA Equal Pay Act." (Compl. (Dkt. No. 1) at 2.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. FED. R. CIV. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557. A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

To the extent plaintiff is attempting to allege a claim under the Equal Pay Act, plaintiff is advised that the federal Equal Pay Act provides in part:

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees ... at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions....

29 U.S.C. § 206(d)(1). A federal Equal Pay Act case requires a plaintiff to allege and prove discrimination by showing that employees of the opposite sex were paid different wages for equal work.[1] Stanley v. University of Southern California, 178 F.3d 1069, 1073-74 (9th Cir. 1999).

Accordingly, plaintiff's complaint will be dismissed for failure to state a claim. The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue

---

[1] To prove a prima facie violation of California's Equal Pay Act, a plaintiff must show that the defendant paid men more "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." CAL. LABOR CODE § 1197.5(a); Green v. Par Pools, Inc., 111 Cal. App. 4th 620, 628-29 (2003).

1 delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan
2 Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath
3 Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall
4 be freely given, the court does not have to allow futile amendments).  However, when evaluating
5 the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it
6 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
7 would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting
8 Haines v. Kerner, 404 U.S. 519, 521 (1972).  See also Weilburg v. Shapiro, 488 F.3d 1202, 1205
9 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is
10 absolutely clear that the deficiencies of the complaint could not be cured by amendment.")
11 (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

12 　　Here, the court cannot yet say that it appears beyond doubt that leave to amend would be
13 futile.  Plaintiff's complaint will therefore be dismissed, and she will be granted leave to file an
14 amended complaint.  Plaintiff is cautioned, however, that if she elects to file an amended
15 complaint "the tenet that a court must accept as true all of the allegations contained in a complaint
16 is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,
17 supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678.  "While
18 legal conclusions can provide the complaint's framework, they must be supported by factual
19 allegations." Id. at 679.  Those facts must be sufficient to push the claims "across the line from
20 conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

21 　　Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an
22 amended complaint complete.  Local Rule 220 requires that any amended complaint be complete
23 in itself without reference to prior pleadings.  The amended complaint will supersede the original
24 complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint,
25 just as if it were the initial complaint filed in the case, each defendant must be listed in the caption
26 and identified in the body of the complaint, and each claim and the involvement of each
27 defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file
28 must also include concise but complete factual allegations describing the conduct and events

which underlie plaintiff's claims.

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed December 12, 2014 (Dkt. No. 1) is dismissed with leave to amend.[2]

2. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[3]  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated:  May 26, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\wooten2900.dism.lta.ord.docx

---

[2] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.

[3] Alternatively, plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

5